# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:02cr45-9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MONUEL NICODEMUS JOHNSON. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Clarification of Sentence [Doc. 347].

On June 12, 2002, the Defendant was charged in a Superseding Bill of Indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §846. [Doc. 27]. On September 11, 2002, a Writ of Habeas Corpus *Ad Prosequendum* issued to the North Carolina Department of Corrections for the Defendant's arrest. [Doc. 96]. The Defendant was arrested and taken into federal custody upon the execution of that Writ on or about September 18, 2002. The Defendant entered into a plea agreement with the Government on June 10, 2003. [Doc. 206]. On April 14, 2004, he was sentenced by Hon. Lacy H.

Thornburg to serve 160 months imprisonment.[1]  [Doc. 279].  The Judgment of Conviction contains no wording related to the state sentence the Defendant was serving at the time he was taken into federal custody for the prosecution of this case.  The Defendant thus asks that this Court modify that Judgment to "clarify" that his federal sentence was to run concurrently with his state sentence.

It is undisputed that the Defendant was in state custody at the time he was indicted in federal court and that he was transferred into federal custody for prosecution by federal authorities.

> A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person.  The receiving sovereign - in this case, the federal government - is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him.  For the purposes of computing [the Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.

Ruggliano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002), abrogated on other grounds U.S.S.G. §5G1.3, comment. (n. 3(e)); United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (writ *ad prosequendum* works a mere loan of the prisoner to federal authorities and not a change in custody);

---

[1] Upon Judge Thornburg's retirement, the case was reassigned to the undersigned.

United States v. Fermin, 252 F.3d 102, 108 n.10 (2nd Cir. 2001); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); Martin v. Lamanna, 2009 WL 690686 **6 (D.S.C.), affirmed 333 Fed. App'x. 796 (4th Cir. 2009) ("Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence."); Hines v. Schult, 2009 WL 384043 (N.D.N.Y. 2009). As a result, there is nothing to clarify.

In addition, the Defendant's claim is that the Bureau of Prisons (BOP) has denied him credit against his federal sentence for time spent in state custody while he was "borrowed" from state authorities pursuant to the writ *ad prosequendum*. The Defendant thus seeks to attack the manner in which the BOP is executing his sentence. Such an action must be brought in the district in which the inmate is confined. Kanai v. McHugh, 638 F.3d 251 (4th Cir.), cert. denied ___ U.S. ___, 132 S.Ct. 381, 181 L.Ed.2d 240 (2011); Franklin v. United States, 72 Fed. App'x. 736 (10th Cir. 2003) (prisoner attacking computation of credit for time spent in detention pursuant to writ *ad prosequendum* must pursue same in district of confinement).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Clarification of Sentence [Doc. 347] is hereby **DENIED**.

Signed: May 21, 2013

Martin Reidinger
United States District Judge